UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

COLLIN PARKER ) Civil Action No. 4-19-CV-1733

V. )

TOLTECA ENTERPRISES INC. dba THE PHOENIX RECOVERY GROUP & COBBLE CREEK APARTMENTS LLC )

United States Courts
Southern District of Texas
FILED
AUG 06 2019
David J. Bradley, Clerk of Court

**DEFENDANT TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP'S ORIGINAL ANSWER & COUNTERCLAIM**

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group (PRG) as follows:

1. Defendant''s answer is subject to its Motion to Transfer Venue.

2. Defendant will show that it did not violate the Fair Debt Collection Practices At, 15 USC §1692 *et. seq.,* and did not violate the Texas Debt Collections Act, Tex. Fin. Code §392 *et. seq.*

3. Defendant denies this court has jurisdiction since Plaintiff sustained no injury in fact and there is no real justiciable controversy herein.

4. Defendant denies venue is proper in the Southern District of Texas.

5. Defendant admits that Plaintiff is a natural person but is unable to admit or deny his residence as set out in ¶5.

6. ¶6, Defendant admits that Plaintiff is a consumer.

7. ¶7, Defendant asserts that Plaintiff does owe a debt arising out of his apartment tenancy at Cobble Creek Apartments. ("CCA")

8. ¶8, Defendant admits it is a debt collector.

9. ¶9, Defendant admits attempting to collect a debt from Plaintiff.

10. ¶10, Defendant admits this allegation.

11. ¶11, Defendant does not "contract" with Frank Gamboa as registered agent for Defendant. Denied. But, Defendant does have him listed on the corporate files as registered agent,

12. ¶12, Admitted. Defendant is in the collection business in Texas.

13. ¶13, Defendant can neither admit or deny that it engages in interstate commerce.

14. ¶14, The allegation is too vague, overbroad, and global to admit or deny. Not all actions of its purported agents are authorized or within the course and scope of the business.

15. ¶15, Admitted as to Plaintiff's apartment debt only. Denied as to "debts".

16. ¶16, Admitted on information and belief that Cobble Creek is Plaintiff's creditor.

17. ¶17, Admitted on information and belief that Cobble Creek is the current creditor.

18. ¶18, is directed to CCA and no response necessary from this Defendant.

19. ¶19, is directed to CCA and no response necessary from this Defendant.

20. ¶20, is directed to CCA and no response necessary from this Defendant.

21. ¶21, Defendant realleges its answers.

22. ¶22, Admitted.

23. ¶23, Admitted.

24. ¶24, Admitted the Plaintiff telephoned this Defendant.

25. ¶25, Admitted subject to the actual phone call which would speak for itself.

26. ¶26, Denied. The rendition is not accurate. The actual phone call will speak for itself.

27. ¶27, Denied. The interest, allowed under Plaintiff's lease, is believed to fluctuate and may affect the Plaintiff's account balance. Furthermore, Exhibit A is not this Defendant's document and its accuracy is denied and is hearsay and not authenticated.

28. ¶28, Denied, to the extent that allegation varies from the actual telephone recording.

29. ¶29. Denied. Plaintiff has not been damaged. Defendant did not engage in deceptive and misleading debt collection practices. Plaintiff's failures to pay his debt is the sole cause of Plaintiff's predicament.

30. ¶30, Defendant realleges its answers herein.

31. ¶31, Denied. Defendant did not violate the FDCPA including but not limited to 15 USC 1692e and 1692f.

32. ¶32, No admission or denial necessary as this is merely a statement of certain FDCPA provisions. Nonetheless, Defendant denies any false, deceptive, misleading representations or means in connection with Plaintiff's debt; denies false representation of the character, status or amount of the debt, denies any threats that cannot be legally taken or that is intended to not be taken; denies any communicating or any communication to any one that is known or which should be known to be false; denies the use of any false representations or deceptive means to collect Plaintiff's debt or obtain illegal information about Plaintiff; and did not use any unfair or unconscionable means to collect or attempt to collect any debt from Plaintiff. Also, Defendant denies the collection of any amount unauthorized by Plaintiff's lease contract with his creditor.

All allegations of Plaintiff as to any FDCPA violation are denied.

34. ¶34, Denied.

35. ¶35, Plaintiff's debt was not inflated. The allegation is denied.

36. ¶36, Denied. Plaintiff owes his creditor. The account balance is owed as adjusted for accrued and accruing interest as authorized under Plaintiff's lease contract.

37. ¶37, Denied. Balance not inflated. Plaintiff's creditor may or may not have right to sue

on the debt.

38. ¶38, Denied. No wrongful conduct on the part of this Defendant.

39. ¶39, Denied. No liability for attorney fees, statutory penalties, costs, or damages, since Defendant did not violate any laws or common laws concerning Plaintiff.

40. ¶40-42 pertains to CCA. This Defendant need not respond but observes that no violations of law or the common law occurred.

41. The jury demand need not be admitted or denied.

42. The prayer for relief is denied. Plaintiff should take nothing.

**Affirmative Defenses of this Defendant & Counterclaim**

43. Defendant enters a general denial.

44. Plaintiff is estopped from any relief since he is the sole proximate or producing cause of his trouble since he did not pay his just debt due and owing his creditor. This Defendant did not cause Plaintiff any injury in fact.

45. Plaintiff's lease contract involved in this case authorizes imposition of interest on Plaintiff's account balance and allows for collection costs to be added. Plaintiff assented to the lease by signing it and he is bound by its provisions, including the provision on interest and a collection fee.

46. Defendant counterclaims under 15 USC 1692k(a)(3) for its costs and attorney fees against Plaintiff for instituting a bad faith, groundless, and harassing lawsuit against the Defendant. Defendant counterclaims under Tex. Fin. Code §392.403 for Plaintiff's bad faith or harassing lawsuit and attorney fees shall be awarded.

47. Plaintiff has not been damaged.

48. Plaintiff has not mitigated his damages, if any.

49. Plaintiff's lawsuit is barred by limitations and laches.

50. To the extent applicable, Defendant invokes the bona fide error defense to all of Plaintiff's claims.

51. Defendant would show it reasonably relied on the co-Defendants SODA (statement of deposit account) and information about Plaintiff and the debt he owes CCA. Defendant is privileged to rely on such information in connection with collection of what Plaintiff owes. Also, Plaintiff owes the debt and he falsely has tried to mislead the Defendant that he does not owe the debt owed his creditor CCA.

WHEREFORE, Plaintiff should take nothing in this case; that this case be dismissed; that Plaintiff be ordered to pay Defendant's costs and attorney fees in this case and that all costs be assessed against Plaintiff.

S/Tom Clarke
Texas Bar No. 04318600
San Antonio, Texas 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com
Atttorney for Tolteca Enterprises Inc.
dba The Phoenix Recovery Group

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served on Plaintiff's Attorney, Shawn Jaffer, 9300John Hickman Pkwy., Suite 1204, Frisco, Texas 75035 by fax to 214/594-6100.

S/Tom Clarke