United States District Court
Southern District of Texas
**ENTERED**
October 30, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLIN PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1733 |
| | § | |
| TOLTECA ENTERPRISES, INC. d/b/a | § | |
| PHOENIX RECOVERY GROUP, and | § | |
| COBBLE CREEK APARTMENTS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending in this case in which the parties have consented to proceed before the undersigned Magistrate Judge is Plaintiff's Request for Clerk's Entry of Default (Document No. 12) and Defendant Tolteca Enterprises Inc. d/b/a The Phoenix Recovery Group's Motion to Transfer Venue (Document No. 18). Both motions (Document Nos. 12 & 18) are DENIED.

This is a Fair Debt Collection Practices Act. Defendant Tolteca Enterprises, Inc. filed an untimely Answer to Plaintiff's Complaint. Despite the untimeliness of the Answer, an Answer is on file, rendering a Court-ordered default unavailable at this time. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also United States v. Lacy*, 234 F.R.D. 140, 145 (S.D. Tex. 2005) (defendant was not in default where the court received the defendant's answer prior to consideration of a motion for default judgment). As for Defendant Tolteca's Motion to Transfer Venue, because Plaintiff resides in this District, the debt Tolteca sought to collect was incurred in this District, and the debt collection activities at issue herein took place in this District, venue is proper here. *See* 28 U.S.C. § 1391(b)(2)

("A civil action may be brought in – a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

As for whether the Western District of Texas is a more convenient venue for the claims in this case, Defendant Tolteca has not met its burden of showing that a change of venue is warranted under 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer is within the discretion of the district court and is made "for the purpose of preventing waste of time, energy and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Stabler v. New York Times, Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). To prevail on a § 1404(a) motion to transfer, a defendant must show that the balance of convenience and justice weighs heavily in favor of the transfer. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994); *see also In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (A transfer should be granted under § 1404(a) "when the movant demonstrates that the transferee venue is clearly more convenient."). If the balance of convenience does not weigh heavily in favor of defendant, a plaintiff's choice of forum will generally not be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Carbon Black Export Inc. v. Monrosa*, 254 F.2d 297, 301 (5th Cir. 1958), *cert. dism'd*, 79 U.S. 710 (1959); *Von Graffenreid v. Craig*, 246 F.Supp.2d 553, 563 (N.D. Tex. 2003) ("The party seeking a change of venue must demonstrate that the balance of convenience and justice weighs heavily in favor of transfer."). Furthermore, a transfer should not be ordered if the result is merely to shift the necessary

and natural inconvenience of litigation from one party to another. *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395 (S.D. Tex. 1992). In determining whether a transferee venue is clearly more convenient, four private and four public interest factors are weighed. *In re Volkswagen II*, 545 F.3d at 315. The four private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*]). The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *In re Volkswagen I*, 371 F.3d at 203) (brackets in original). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and none are of dispositive weight. *In re Volkswagen II*, 545 F.3d at 315 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir.2004)).

  Here, while Tolteca argues that the debt collection activities it undertook originated in San Antonio, which is in the Western District of Texas, Plaintiff was the recipient of those debt collection activities here – in the Southern District of Texas. In addition, the debt made the basis of Defendant Tolteca's debt collection efforts was allegedly incurred by Plaintiff in this District, where the creditor (Defendant Cobble Creek Apartments, LLC) on whose behalf Defendant Tolteca was acting, is located. As none of the public or private interest factors have been shown by Defendant Tolteca to favor transfer of this case to the Western District of Texas, Defendant Tolteca's Motion

to Transfer Venue must be denied.

Signed at Houston, Texas, this  29th  day of October, 2019.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE